IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JUANITA CROUCH,** *Plaintiff*, v. **SUNCAKES NC, LLC,** *Defendant*. | **CASE NO.: 3:23-CV-880** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Juanita Crouch ("Crouch"), and complaining of the Defendant, Suncakes NC, LLC ("SunCakes" or "IHOP"), alleges the following to be true:

### INTRODUCTION

1 This action arises from SunCakes' sexual harassment and termination of Crouch based on retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

2 Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3 Crouch is a resident of Mecklenburg County, North Carolina, and is neither a minor nor incompetent.

4    SunCakes is a domestic corporation with both principal and registered offices in Mecklenburg County, North Carolina.

5    This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1    28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e *et seq.*

6    This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1    Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2    N.C. Gen. Stat. § 1-75.4(1)(c) & (d), as SunCakes was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

    6.3    N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Crouch's person or property.

7    Venue is proper in this Court pursuant to any/all of the following:

    7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

    7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## STATEMENT OF THE FACTS

8	Crouch began working for SunCakes in 2016 as a waitress at an IHOP restaurant in 2016 but left sometime around 2020 for another job.

9	Crouch returned to IHOP on August 21, 2021, as a waitress.

10	Crouch was able to perform her essential job functions of providing service to customers, running food, and cleaning.

11	From August to November 2021, Crouch's general manager was Marc Farber ("Farber").

12	In October 2021, Shawn Edwards ("Edwards") became Crouch's shift manager, a position between employees like Crouch and the general manager.

13	Edwards began to proposition Crouch for sex.

14	Edwards would offer Crouch a ride home if she would have sex with him.

15	Crouch rejected Edwards's advances, which made him angry.

16	Edwards began regularly threatening Crouch with discipline and termination.

17	Edwards issued Crouch her only write-up during her employment on December 14, 2021, for a no-call, no show. Crouch was not scheduled to work that day, but Edwards demanded she come in that day. Crouch could not come in that day, so Edwards wrote her up.

18	Edwards also continued to proposition Crouch for sex and sexually harass her in other ways.

19	On one occasion in December 2021, Edwards called a woman and put her on speaker phone for Crouch to hear. He told the woman to talk about how she and Edwards had had anal sex.

20      In November 2021, Audra Causey ("Causey") replaced Farber as general manager.

21      In mid-December 2021, after Crouch complained to Causey about Edwards, Causey told Crouch that Edwards was sexually harassing other female employees, too.

22      Causey asked Crouch to write a statement, which Crouch agreed to do.

23      Before Crouch could write the statement, she, Causey, and several other employees got COVID-19, and were out of work.

24      Crouch went out with COVID-19 on January 1, 2022, after telling Causey she had tested positive.

25      Crouch's COVID-19 lead to a chest infection that kept her out of work until July 28, 2022.

26      During her absence, Crouch remained in contact with Causey, and stopped by the restaurant to drop off doctor's notes.

27      On January 28, 2022, Crouch returned to IHOP to ask about getting back on the schedule and found that most the staff had changed.

28      Causey was no longer there and had been replaced by another general manager.

29      Edwards was still there.

30      When Crouch told the new general manager who she was, he said he had heard good things from the other employees and would try to get her back to work.

31      However, when the new general manager looked at the system, he found that Crouch had been terminated and labeled as not eligible for rehire.

32      Because of the turnover during the COVID-19 outbreak at the restaurant, nobody ever wrote statements about Edwards's behavior, and Edwards remained employed.

33. SunCakes has 500 or more employees.

34. Crouch filed an EEOC charge on May 31, 2022, alleging disability, sex, and retaliation discrimination, and received a notice of right to sue from the EEOC on September 27, 2023.

## FIRST CAUSE OF ACTION
### Sexual Harassment: Hostile Work Environment
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

35. Crouch is female, a member of a protected group.

36. Edwards engaged in sex-based harassment.

37. Edwards's conduct was unwelcome.

38. Edwards's conduct was severe or pervasive.

## SECOND CAUSE OF ACTION
### Sexual Harassment: Tangible Employment Action
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

39. Crouch is female, a member of a protected group.

40. Edwards engaged in sex-based harassment.

41. Crouch suffered a tangible employment action: termination.

42. Edwards, a supervisor, placed sexual demands on crouch.

43. There is a nexus between Crouch's termination and her rejection of Edwards's harassment.

## THIRD CAUSE OF ACTION
### Sex Discrimination
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

44. Crouch is female, a member of a protected group.

45. Crouch suffered an adverse employment action: termination.

46    At the time of her termination, Crouch was performing at a level that met her employer's legitimate expectations.

47    Crouch's termination occurred under circumstances that raise a reasonable inference of unlawful discrimination.

## FOURTH CAUSE OF ACTION
### Retaliation
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

48    Crouch engaged in a protected activity by complaining about Edwards's sexual harassment.

49    Crouch suffered an adverse employment action: termination.

50    There is a causal connection between Crouch's complaint and her termination.

## PRAYER FOR PUNITIVE DAMAGES

51    Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    51.1    Malice;

    51.2    An evil motive; and/or

    51.3    Callous indifference to a federally protected right.

52    Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

53    Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1      Enter Judgment for Crouch against Defendant on all causes of action contained herein;

2      Award Crouch damages, including punitive damages, in an amount to be determined at trial;

3      Tax the costs of this action against Defendant and award Crouch reasonable attorney fees as permitted by law, and;

4      Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 20th day of December 2023,*

**WILSON F. FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

>SunCakes NC, LLC
>c/o Corporate Creations Network Inc.
>15720 Brixham Hill Avenue # 300
>Charlotte, NC 28277
>*Defendant*

>**WILSON F. FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com

-8-
Case 3:23-cv-00880-FDW-SCR   Document 1   Filed 12/20/23   Page 8 of 8